ACCEPTED
03-15-00096-CR
4973299
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/21/2015 2:47:36 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00096-CR**
**IN THE**
**COURT OF APPEALS**
**OF THE THIRD SUPREME JUDICIAL DISTRICT**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/21/2015 2:47:36 PM
JEFFREY D. KYLE
Clerk

_____

WALTER LEE SCOTT, JR.,
Appellant,

v.

STATE OF TEXAS

_____

Appeal in Cause No. 73759
in the 264th District Court of
Bell County, Texas

_____

**REPLY BRIEF FOR APPELLANT WALTER LEE SCOTT, JR.**

_____

JOHN A. KUCHERA
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

# **Table of Contents**

|  | Page |
|---|---|
| Table of Contents | ii |
| Table of Authorities | iii |
| Argument | |
| *The trial court's order of restitution was improper because it ordered restitution for conduct that was not a part of Scott's offense of conviction* | 2-3 |
| Certificate of Service | 4 |
| Certificate of Compliance | 5 |

# Table of Authorities

**Page(s)**

**Cases**

*Campbell v. State*,
   5 S.W.3d 693 (Tex. Crim. App. 1999) ...............................................................2

*Hanna v. State*,
   426 S.W.3d 87 (Tex. Crim. App. 2014) ...........................................................2

*Reasor v. State*,
   281 S.W.3d 129 (Tex.App.—San Antonio 2008, pet. ref'd)..............................3

**Statutes**

Tex. Crim. Proc. Code Ann. art. 42.037(b)(1)(B) ......................................................3

Tex. Crim. Proc. Code Ann. art. 42.037(b)(2)(A) ......................................................3

Tex. Crim. Proc. Code Ann. art. 42.037(k) ...............................................................2

**COURT OF APPEALS**

**OF THE THIRD SUPREME JUDICIAL DISTRICT**

_____

WALTER LEE SCOTT, JR.,
    Appellant,

  v.                                          **No. 03-15-00096-CR**

STATE OF TEXAS

_____

Appeal in Cause No. 73759
in the 264th District Court of
Bell County, Texas

_____

**<u>REPLY BRIEF OF APPELLANT WALTER LEE SCOTT, JR.</u>**

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

NOW COMES WALTER LEE SCOTT, JR., Appellant, by and through undersigned counsel, and submits this reply brief pursuant to the provisions of the Texas Rules of Appellate Procedure. Appellant raises four issues in his principal brief. The State has now filed its brief. Appellant responds herein to the State's arguments regarding his third issue. Appellant otherwise rests on his principal brief.

**Regarding Scott's third issue:** Whether the record contains a factual basis to support the trial court's order of restitution.

**1.** The State has moved to supplement the record with the presentence report. The State argues that statements in the presentence report provide a sufficient basis for the trial court's restitution order:

> In this case the presentence report included a victim impact statement. In that statement the victim, Kasandra Holt, described how the Appellant threw a phone at her during the assault. She also stated that her cell phone had been damaged and her loss was $50.00.

*State Br., pg. 18.*

### Appellant's reply

The State is arguing that Scott should make restitution for conduct that is not part of his offense of conviction. Restitution can be properly ordered for a loss sustained by the victim only if the loss is *a result of the offense* of conviction. Tex. Crim. Proc. Code Ann. art. 42.037(k); *Hanna v. State,* 426 S.W.3d 87, 92 (Tex. Crim. App. 2014). "The trial court may not order restitution for an offense for which the defendant is not criminally responsible." *Campbell v. State,* 5 S.W.3d 693, 697 (Tex. Crim. App. 1999). Article 42.037 provides:

> If the offense results in damage to or loss or destruction of property of a victim of the offense, the court may order the defendant . . . to pay an amount equal to the greater of:

> (i) the value of the property on the date of the damage, loss, or destruction; or
>
> (ii) the value of the property on the date of sentencing, less the value of any part of the property that is returned on the date the property is returned.

Tex. Crim. Proc. Code Ann. art. 42.037(b)(1)(B).

> If the offense results in personal injury to a victim, the court may order the defendant to make restitution to . . . the victim for any expenses incurred by the victim as a result of the offense[.]

Tex. Crim. Proc. Code Ann. art. 42.037(b)(2)(A).

Scott was charged with causing bodily injury to Kassandra Holt by applying pressure to her throat or neck. CR 4. The Victim Impact Statement in the presentence report (the basis for the trial court's restitution order) states on page 1:

> **6. Describe Property Damage or Loss:** The defendant damaged the victim's cell phone - $50.00.
>
> **TOTAL RESTITUTION:** $50.00
>
> **Payable To:** Kasandra Holt

Scott was not charged with damaging or stealing Holt's cell phone. It was therefore improper for the trial court to order Scott to make restitution for a damaged cell phone when the cell phone had nothing to do with the Scott's alleged "applying pressure to Holt's throat or neck." *See Reasor v. State,* 281 S.W.3d 129, 135 (Tex.App.—San Antonio 2008, pet. ref'd) (improper for trial court to order restitution for damage done to rental home and writing hot checks where offense of conviction was possession of cocaine).

3

Respectfully submitted,

/s/ John A. Kuchera
John A. Kuchera
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

## Certificate of Service

This is to certify that a true and correct copy of the above and foregoing Appellant's Brief has this day been mailed to the office of Mr. Bob D. Odom, Assistant District Attorney, P.O. Box 540, Belton, Texas 76513.

SIGNED this 21st day of April, 2015.

/s/ John A. Kuchera
John A. Kuchera,
Attorney for Walter Lee Scott, Jr.

## Certificate of Compliance with Rule 9.4

1. This brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i) because the brief contains 599 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).


2. This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) and the type style requirements of Tex. R. App. P. 9.4(e) because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman, size 14 font.


/s/ John A. Kuchera
John A. Kuchera,
Attorney for Walter Lee Scott, Jr.


Dated: April 21, 2015