

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 11, 2015

The Honorable Lucinda A. Vickers  
Atascosa County Attorney  
#1 Courthouse Circle Drive #3-B  
Jourdanton, Texas 78026

Opinion No.  KP-0019

Re:  Deposit of restitution funds ordered in a criminal judgment by a statutory county court (RQ-1231-GA)

Dear Ms. Vickers:

You ask whether restitution funds ordered in a criminal judgment by a statutory county court and collected by the county clerk are funds "belonging to the county" such that they are required to be deposited with the county treasurer or in the county treasury pursuant to section 113.021 of the Local Government Code.[1]  You tell us that "individuals ordered . . . to make payments for criminal offenses" by the Atascosa County Court at Law make such payments to the county clerk, which "include fines, court costs, and restitution, if applicable." Request Letter at 1. The current practice, you explain, is that "[t]he county clerk accepts the payments, including the restitution, and deposits the payment[s] into the fines and fees account in the county treasury. The portion of the payment to be remitted as restitution and the name of the victim are documented by the county clerk." *Id.*  The county clerk submits monthly requests for approval and payment to the county auditor, who then issues individual checks to victims entitled to receive restitution. *Id.* You question whether this practice is appropriate in light of section 113.021. *Id.* at 1, 4.

We begin with the statute authorizing restitution payments. A court "may order the defendant to make restitution to any victim of the offense" or, in certain instances, to a crime victim compensation fund established by statute. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2014). Such restitution is "[i]n addition to any fine authorized by law." *Id.* The court's order

> must require the defendant to: (i) make restitution directly to the person or agency that will accept and forward restitution payments to the victim . . . ; (ii) make restitution directly to the victim . . . ; or (iii) deliver the amount or property due as restitution to a community supervision and corrections department for transfer to the victim or person.

---

[1]*See* Letter from Honorable Lucinda A. Vickers, Atascosa Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1, 4 (Nov. 10, 2014), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

*Id.* art. 42.037(g)(4). Unless otherwise provided by the court, "the defendant shall make restitution immediately." *Id.* art. 42.037(g)(3). Thus, under the plain language of the statute, if a court order provides that restitution shall be paid to a county clerk, the clerk is to "accept and forward restitution payments to the victim." *Id.* art. 42.037(g)(4).

Under chapter 113 of the Local Government Code, which governs the management of county money, all "fees, commissions, funds, and other money *belonging to a county* shall be deposited with the county treasurer by the person who collects the money." TEX. LOC. GOV'T CODE ANN. § 113.021(a) (West Supp. 2014) (emphasis added); *see also id.* § 113.003 (West 2008) (directing the county treasurer to receive "all money *belonging to the county* from whatever source it may be derived" (emphasis added)). There are various other statutes directing the county clerk to collect and deposit certain moneys into the county treasury, but none of the statutes encompass restitution funds. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 25.0008 (West 2004) (referring expressly to "the same fees as are prescribed by law relating to county judge's fees"), 51.402(c) (West 2013) (describing fines and jury fees that are "for the use of the county"); TEX. LOC. GOV'T CODE ANN. § 133.052(c) (West 2008) (referring to statutorily-defined criminal and civil fees). This office has previously concluded, however, that restitution on a bad check made "through" a court under a specific Penal Code provision is not "money belonging to a county" for purposes of section 113.021. Tex. Att'y Gen. Op. No. DM-396 (1996) at 4 (noting that restitution with such pass-through handling "clearly does not belong to the county; rather, it belongs to the holder of the dishonored check").

Whether any particular funds "belong to the county" depends on the nature of the particular funds. Tex. Att'y Gen. Op. No. JC-0031 (1999) at 2. Restitution is a statutory right of a crime victim, serving in part to "restor[e] the victim to the status quo and forc[e] an offender to address and remedy the specific harm that he has caused." *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). The Court of Criminal Appeals has acknowledged that, in enacting the restitution statute at issue, "[t]he legislature intended restitution to adequately compensate the victim of the offense in the course of punishing the criminal offender." *Id.* (quotation marks omitted). Consistent with this purpose, the specific language of article 42.037 of the Code of Criminal Procedure directs that restitution payments are to be made "to the victim," either directly or by way of transfer, suggesting that the money is never meant for use by the county.[2] TEX. CODE CRIM. PROC. ANN. art. 42.037(a), (g)(4) (West Supp. 2014). Therefore, a court would likely conclude that restitution funds ordered in a criminal judgment by a statutory county court and collected by the county clerk pursuant to article 42.037 of the Code of Criminal Procedure are not funds "belonging to the county" required to be deposited with the county treasurer or in the county treasury pursuant to section 113.021 of the Local Government Code.

---

[2]This view is bolstered by the fact that a check paid by the county treasurer for restitution does not have to be countersigned by the county auditor who normally countersigns a disbursement "to validate it as a proper and budgeted item of expenditure." TEX. LOC. GOV'T CODE ANN. § 113.043 (West Supp. 2014) (referring to restitution as money "collected *on behalf of* an individual as authorized by law" (emphasis added)); *see also id.* § 112.006(a) (giving the county auditor general oversight of books and records of officers who collect money "that is intended for the use of the county or that belongs to the county").

## S U M M A R Y

A court would likely conclude that restitution funds ordered in a criminal judgment by a statutory county court and collected by the county clerk pursuant to article 42.037 of the Code of Criminal Procedure are not funds "belonging to the county," and thus they are not required to be deposited with the county treasurer or in the county treasury pursuant to section 113.021 of the Local Government Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee