Opinion filed July 20, 2023



## In The

# Eleventh Court of Appeals

_____

## Nos. 11-23-00013-CR & 11-23-00014-CR

_____

### MICHAEL GABRIEL MORIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause Nos. 10747 & 10786**

### M E M O R A N D U M   O P I N I O N

Appellant, Michael Gabriel Morin, pleaded guilty to the state jail felony offense of unauthorized use of a motor vehicle (trial court cause no. 10747) and the third-degree felony offense of bail jumping and failure to appear (trial court cause no. 10786). *See* TEX. PENAL CODE ANN. §§ 31.07, 38.10 (West 2016). Pursuant to a plea bargain agreement, the trial court assessed Appellant's punishment on the conviction for unauthorized use of a motor vehicle at imprisonment in the State Jail

Division of the Texas Department of Criminal Justice for a term of two years. The trial court also ordered Appellant to pay restitution in the amount of $27,228.80 to State Farm Insurance. In this regard, the written plea bargain agreement for the offense of unauthorized use of a motor vehicle specified that Appellant would pay restitution of $27,228.80 to State Farm Insurance. The trial court assessed Appellant's punishment on the conviction for bail jumping and failure to appear at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of five years and a fine of $1,500. However, the trial court suspended Appellant's sentences and placed him on community supervision for a period of five years.

The trial court subsequently revoked Appellant's community supervision. For the offense of unauthorized use of a motor vehicle, the trial court sentenced Appellant to confinement for a term of two years in the State Jail Division of the Texas Department of Criminal Justice, ordered him to pay restitution to the Scurry County Community Supervision and Corrections Department in the amount of $28,654.58, and ordered him to pay reimbursement fees of $660. For the offense of bail jumping and failure to appear, the trial court sentenced Appellant to confinement for a term of five years in the Institutional Division of the Texas Department of Criminal Justice, ordered him to pay restitution to the Scurry County Community Supervision and Corrections Department in the amount of $4,130, and ordered him to pay reimbursement fees of $1,288.03.

Appellant presents two issues on appeal. In his first issue, he asserts that the trial court erred by ordering him to pay restitution to the Scurry County Community Supervision and Corrections Department. In his second issue, Appellant asserts that the trial court erred by requiring him to pay court-appointed attorney's fees. The

State has filed a brief in which it concedes that Appellant is correct on both contentions. We modify and affirm.

*Analysis*

Appellant asserts in his first issue that the trial court erred by ordering him to pay restitution in the amount of $28,654.58 in trial court cause no. 10747 to the Scurry County Community Supervision and Corrections Department and restitution in the amount of $4,130 in trial court cause no. 10786 to the Scurry County Community Supervision and Corrections Department, because the Scurry County Community Supervision and Corrections Department is not a "victim" of either offense. Appellant is correct in making this contention.

"[Restitution] may be ordered only to a victim of an offense for which the defendant is charged." *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014); *Goodman v. State*, No. 11-21-00109-CR, 2021 WL 5830719, at *2 (Tex. App.— Eastland Dec. 9, 2021, no pet.) (per curiam) (mem. op., not designated for publication); *Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication). "A trial court is authorized to order a defendant convicted of an offense to pay restitution to a victim of the offense or to a crime victim's assistance fund, *not to an agency of the State of Texas such as a community supervision department.*" *Goodman*, 2021 WL 5830719, at *2 (emphasis added); *see* TEX. CODE CRIM. PROC. ANN. art. 42.037(a), (i) (West 2018); *Hanna*, 426 S.W.3d at 91, 94; *Sexton*, 2019 WL 4316791, at *1. Because the trial court had no authority to require Appellant to pay restitution to the community supervision department, the trial court erred when it did so. *See Goodman*, 2021 WL 5830719, at *2. We sustain Appellant's first issue.

Appellant asserts in his second issue that the trial court erred by ordering Appellant to pay court-appointed attorney's fees in the amount of $600 in each case. Appellant contends that it was error for the trial court to assess court-appointed attorney's fees because he was found indigent at the outset of his cases and the record does not contain evidence of a material change in his financial circumstances. Appellant is also correct in making this assertion.

An indigent defendant cannot be taxed the cost of services rendered by his court-appointed attorney unless the trial court finds that the defendant has the financial resources to repay those costs in whole or in part. *Smith v. State*, 631 S.W.3d 484, 501 (Tex. App.—Eastland 2021, no pet.) (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)); *see* CRIM. PROC. art. 26.05(g) (West Supp. 2022); *see also* CRIM. PROC. art. 42A.301(b)(10) (repayment of attorney's fees as a condition of community supervision). The Texas Court of Criminal Appeals has held that the trial court must find that the defendant had the ability to repay court-appointed attorney's fees prior to assessing such fees against an indigent defendant. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *see also Mayer*, 309 S.W.3d at 556 ("[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."). Further, a "defendant who is determined by the [trial] court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Cates*, 402 S.W.3d at 251 (quoting CRIM. PROC. art. 26.04(p)).

Appellant filed an Affidavit of Indigence and Request for Appointment of Attorney in both cases certifying that he did not have the necessary funds to hire an attorney for his defense. The trial court determined that Appellant was indigent and

appointed trial counsel to represent Appellant's interest in all proceedings in the cases. Subsequent to this appointment, the trial court did not receive evidence, nor did it issue a finding, that Appellant had the ability to pay any portion of the attorney's fees that were incurred by his court-appointed attorney. Moreover, nothing in the record indicates that (1) Appellant is no longer indigent or (2) the trial court made a subsequent determination that Appellant's financial circumstances had materially changed or that he had the financial resources or ability to pay the court-appointed attorney's fees of $1,200 that were assessed against him. Because the trial court improperly assessed and ordered that Appellant is financially responsible for the payment of the attorney's fees incurred by his court-appointed attorney, we must modify the trial court's judgments to remove the improperly assessed fees. *See Cates*, 402 S.W.3d at 252; *Smith*, 631 S.W.3d at 501. We sustain Appellant's second issue.

*This Court's Ruling*

We modify the judgment in trial court cause no. 10747 so as to delete the restitution of $28,654.58 payable to the Scurry County Community Supervision and Corrections Department, as well as the requirement for Appellant to pay court-appointed attorney's fees of $600. We also modify the district clerk's bill of costs in trial court cause no. 10747 to delete the court-appointed attorney's fees of $600 that were ordered to be assessed against Appellant.

We modify the judgment in trial court cause no. 10786 so as to delete the restitution of $4,130 payable to the Scurry County Community Supervision and Corrections Department, as well as the requirement for Appellant to pay court-appointed attorney's fees of $600. We also modify the district clerk's bill of costs in trial court cause no. 10786 to delete the court-appointed attorney's fees of $600 that were ordered to be assessed against Appellant.

As modified, we affirm the judgments of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

July 20, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.