

## NUMBER 13-22-00460-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JAMES MICHAEL GRAY,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

On appeal from the 36th District Court
of Aransas County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Justice Silva**

Appellant James Michael Gray pleaded guilty to one count of burglary of a habitation, *see* TEX. PENAL CODE ANN. § 30.02(c)(2), a second-degree felony enhanced to a first-degree felony by appellant's prior burglary of a habitation conviction. *See id.* § 12.42(b). The trial court assessed appellant's punishment at thirty-five years'

imprisonment and ordered restitution in the amount of $31,839 to be paid to the complainant, Heather Waugh-Hurta. By a single issue, appellant challenges the trial court's restitution order. We affirm.

## I.     BACKGROUND

On or about October 27, 2021, appellant entered Waugh-Hurta's residence and stole several items, including jewelry, electronics, fishing rods, and a bicycle. Appellant was caught on Waugh-Hurta's home surveillance cameras prying open the home's exterior back doors with two hammers, and officers investigating the burglary located two hammers outside the residence. Also found on the floor of the residence was a key to a GMC vehicle not owned by Waugh-Hurta. Officers later located the GMC vehicle and discovered it had been reported stolen and had also been used in other burglaries. Several stolen items, including ones belonging to Waugh-Hurta, were confiscated from the GMC vehicle.

Once appellant became a suspect, officers brought in appellant's girlfriend Tabitha Longoria for questioning. Longoria told officers that appellant had confessed to committing several burglaries in the area and had given her items to pawn. Officers then independently confirmed Longoria had sold several items to various pawn shops, including one piece of jewelry taken from Waugh-Hurta's residence. Officers later executed a warrant for appellant's arrest. A search of appellant's residence resulted in the recovery of several more stolen items.

Appellant pleaded guilty in open court to the offense as indicted and pleaded true to the enhancement allegation. During appellant's sentencing hearing, the State called

twelve witnesses to testify, including Waugh-Hurta. Waugh-Hurta testified to the itemized list she previously submitted to officers, detailing each piece of jewelry that had been stolen and remained unreturned. Waugh-Hurta also testified to damage to her exterior doors caused by appellant and provided an estimated cost to repair the doors.

The trial court sentenced appellant to thirty-five years' incarceration and ordered restitution to be paid to Waugh-Hurta in the amount of $31,839. Appellant did not object to the trial court's imposition of the restitution order, and this appeal followed.

## II.    RESTITUTION

By a single issue, appellant argues the trial court abused its discretion in ordering appellant to pay $31,839 in restitution.

"Restitution is not only a form of punishment, it is also a crime victim's statutory right." *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). Pursuant to article 42.037(a) of the Texas Code of Criminal Procedure, a trial court may order a defendant to "make restitution to any victim of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.037(a). Due Process limits the restitution that a trial court may order: "(1) the restitution ordered must be for only the offense for which the defendant is criminally responsible; (2) the restitution must be for only the victim or victims of the offense for which the defendant is charged; and (3) the amount must be just and supported by a factual basis within the record." *Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014); *Hanna*, 426 S.W.3d at 91; *see Garcia v. State*, 663 S.W.3d 92, 94–95 (Tex. Crim. App. 2022).

Nevertheless, like other due process challenges on appeal, restitution challenges can be forfeited by a defendant's failure to object in the trial court. *Id.* at 95. Requiring a

3

contemporaneous objection to restitution orders "guarantees that opposing counsel will have a fair opportunity to respond" and "promotes the orderly and effective presentation of the case to the trier of fact." *Id.* at 97 (quoting *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006)). Thus, a defendant who foregoes the opportunity to raise his restitution complaint in the trial court forfeits the complaint on appeal. *Id.* at 96 ("In [a]ppellant's case, the trial judge orally ordered restitution at the sentencing hearing, so [a]ppellant had the opportunity to object.").

Here, the trial court stated at the close of appellant's sentencing hearing that it was ordering restitution and stated the precise amount owed by appellant: $31,839. Appellant did not object at the time of the trial court's imposition of the restitution order nor did appellant file a motion for new trial challenging the order. Because appellant did not raise his restitution complaint in the trial court, he failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Garcia*, 663 S.W.3d at 96; *see also Steele v. State*, No. 01-22-00311-CR, 2023 WL 5535788, at *6–7 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023, no pet.) (mem. op., not designated for publication) (concluding appellant failed to preserve his restitution complaint for review where the trial court stated at the close of trial that it would order restitution, but it did not state an amount). We overrule appellant's sole issue on appeal.

### III.   CONCLUSION

We affirm the trial court's judgment.

4

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of January, 2024.