Opinion filed February 1, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00336-CR
_____

**BONNIE DESSIRAE KENESON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-21-0150-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Bonnie Dessirae Keneson, was convicted of the third-degree felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2023). Based on Appellant's plea of "true," the jury found an enhancement allegation to be "true" and assessed Appellant's punishment at twenty years' imprisonment in the Institutional Division of the Texas Department

of Criminal Justice.[1] The trial court thereafter sentenced Appellant accordingly and assessed court costs, reimbursement fees, and restitution against her.

On appeal, Appellant presents a single issue: the trial court abused its discretion when it ordered Appellant to pay restitution in the amount of $60 to the Texas Department of Public Safety (DPS). The State concedes, and we agree, that Appellant's contention is correct. Accordingly, we modify and affirm.

## I. *Analysis - Restitution*

Appellant asserts that the trial court abused its discretion when it ordered Appellant to pay the restitution amount referenced above ($60 for incurred lab fee expenses) because DPS is not a "victim" of the offense for which Appellant was convicted, and the assessed amount was not a direct result of the offense itself. Although the challenged restitution amount was not orally pronounced by the trial court when it sentenced Appellant, this amount is included and recited in the trial court's judgment of conviction.

We review a challenge to a restitution order for an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980). Due process considerations are implicated if the trial court improperly orders restitution. *Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014).

"[Restitution] may be ordered *only* to a *victim* of an offense for which the defendant is charged." *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (emphasis added); *Goodman v. State*, No. 11-21-00109-CR, 2021 WL 5830719, at *2 (Tex. App.—Eastland Dec. 9, 2021, no pet.) (per curiam) (mem. op., not designated for publication); *Sheridan v. State*, No. 11-19-00303-CR, 2020 WL 1887710, at *2 (Tex. App.—Eastland Apr. 16, 2020, no pet.) (per curiam) (mem. op., not designated for publication); *Sexton v. State*, No. 11-18-00278-CR, 2019 WL

---

[1]Based on the jury's finding, Appellant's sentence was enhanced to a second-degree punishment range. *See* PENAL § 12.42(a).

2

4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication). As such, only a recognized "victim" may receive restitution from a convicted defendant. In that regard, a trial court may order a defendant who is convicted of an offense to pay restitution to either a victim of that offense or to a crime victim's assistance fund; however, a convicted defendant who is sentenced to a term of imprisonment may not be ordered to pay restitution *to a law enforcement agency or an agency of the State of Texas, such as DPS*. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2023); *Hanna*, 426 S.W.3d at 91, 94; *Shircliff v. State*, 654 S.W.3d 788, 793 (Tex. App.—Waco 2022, no pet.); *Sheridan*, 2020 WL 1887710, at *2–3; *Sexton*, 2019 WL 4316791, at *1.

Here, Appellant was sentenced to a term of imprisonment, and the "restitution" ordered by the trial court and assessed against Appellant consisted of a $60 lab fee expense payable to DPS. Because the trial court had no authority to order Appellant to reimburse DPS for this expense, it abused its discretion when it did so. *See* CRIM. PROC. art. 42.037(a); *see also Hanna*, 426 S.W.3d at 91 (DPS fees are not subject to a restitution order); *Ortega v. State*, No. 11-19-00081-CR, 2021 WL 2836799, at *1–2 (Tex. App.—Eastland July 8, 2021, no pet.) (per curiam) (mem. op. on remand, not designated for publication); *Hutson v. State*, No. 11-19-00037-CR, 2021 WL 2836976, at *2 (Tex. App.—Eastland July 8, 2021, no pet.) (per curiam) (mem. op. on remand, not designated for publication); *Sheridan*, 2020 WL 1887710, at *2–3 (the trial court has no authority to assess DPS lab fees as restitution or to order a defendant to reimburse DPS for lab fee expenses when the defendant is sentenced to a term of imprisonment; DPS lab fees are not subject to a restitution order under Article 42.037(a)); *Sexton*, 2019 WL 4316791, at *1–2 (same). Therefore, we must modify the trial court's judgment to delete this improper restitution assessment. *Burt*, 445 S.W.3d at 757–58. Accordingly, we sustain Appellant's sole issue on appeal.

## II. *This Court's Ruling*

We modify the trial court's judgment to delete the restitution assessment of $60 for lab fee expenses that the trial court ordered payable to DPS. As modified, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(b).

W. STACY TROTTER

JUSTICE

February 1, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4