

# Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00796-CR

Russel Dean **HANSHAW**,[1]
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR8144
The Honorable Joey Contreras, Judge Presiding

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
             Karen Angelini, Justice
             Irene Rios, Justice

Delivered and Filed:  March 14, 2018

DISMISSED

Pursuant to a plea-bargain agreement, appellant pleaded *nolo contendere* to the offense of criminal mischief ($20,000 to $100,000) and was sentenced to five years' imprisonment, suspended in favor of a five-year term of community supervision, in accordance with the terms of his plea-bargain agreement. According to the terms of his plea-bargain agreement, the amount of appellant's "[r]estitution [is] to be determined through the community supervision office."

---

[1] The record before this court refers to the appellant as Russel Dean Hanshaw, however, the Texas Identification Card included in the clerk's record reads Russell Dean Harshaw.

Following a restitution hearing, the trial court signed an order amending the conditions of appellant's community supervision to include restitution in the amount of $48,380.00 and waived all fees. The trial court additionally entered an amended judgment of conviction which included the amount of restitution.

The trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After appellant filed a notice of appeal,[2] the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *See* TEX. R. APP. P. 25.2(a)(2). A plea bargain case is "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." *Id*. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

After examining the record, we advised appellant that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). Appellant

---

[2] The trial court imposed sentence in the underlying cause on October 30, 2017. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed November 29, 2017. Although appellant's notice of appeal was not filed until December 4, 2017, it can be considered timely filed as it was received within ten days after the filing deadline, sent to the proper clerk by United States Postal Service, placed in an envelope properly addressed and stamped, and deposited in the mail before the last day for filing. *See* TEX. R. APP. P. 9.2(b).

filed a response and Request for Remand and Correction of the Trial Court's Certification of Appellant's Right to Appeal.

Appellant first requests that we "reform the judgment and all court documents to reflect the true spelling of appellant's surname as Harshaw." Appellant's Texas Identification Card, which is included in the record, indicates the spelling of appellant's last name as "Harshaw" rather than "Hanshaw." Accordingly, appellant's request that we reform the judgment and court documents to reflect the spelling of appellant's surname as "Harshaw" is granted.

"Appellant also requests that the certification of the right to appeal be remanded and ordered reformed to show either, that the trial court is permitting the appeal of the restitution, or that the restitution is an appealable [o]rder."

Generally, an order modifying probation cannot be appealed at the time of modification. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). However, in this case, the sentencing was not complete until the restitution hearing. *Bailey v. State*, 160 S.W.3d 11, 14 (Tex. Crim. App. 2004) (pointing out that the sentence was not complete until the date of the restitution hearing). Also, generally, an appellant may appeal a judgment at the time he is first placed on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(e). In this case, however, community supervision and restitution were part of the plea bargain agreement.

Restitution is part of the sentence. *Id*. art. 42.037; *see Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) ("Restitution is not only a form of punishment, it is also a crime victim's statutory right."). In this case, the statutorily prescribed amount of restitution fell between $20,000 and $100,000, as appellant pleaded *nolo contendere* to criminal mischief in that amount. *See Hanna*, 426 S.W.3d at 91 (recognizing the amount of restitution must have a factual basis in the record). We therefore conclude appellant pled to a restitution range between $20,000 and $100,000. *See Gutierrez v. State*, 380 S.W.3d 167, 175 (Tex. Crim. App. 2012) (finding the law

requires that a defendant who is charged and convicted of a crime be sentenced within the parameters of the statutorily applicable range). The trial court's order of restitution for $48,380 falls within the statutorily applicable range and within the terms of the plea agreement.

Moreover, the record does not show appellant is appealing a matter raised by written motion filed and ruled on before trial, or that he has obtained the trial court's permission to appeal. Under these circumstances, appellant has no right of appeal.

Accordingly, appellant's request that the trial court's certification of right to appeal be remanded is denied, and this appeal is dismissed pursuant to Rule 25.2(d). *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (dismissing appeal without reference to the merits when the appellant's sentence did not exceed the punishment recommended by the prosecutor and agreed to by the appellant, and did not satisfy any exception stated in Rule 25.2(a)(2)).

PER CURIAM

DO NOT PUBLISH