COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
| --- | --- | --- |
| LORRAINE BUJANDA, |  | No. 08-16-00122-CR |
|  | § |  |
| Appellant, |  | Appeal from |
|  | § |  |
| v. |  | County Criminal Court at Law No. 1 |
|  | § |  |
| THE STATE OF TEXAS, |  | of El Paso County, Texas |
|  | § |  |
| Appellee. |  | (TC # 20140C13317) |
|  | § |  |

## **O P I N I O N**

Lorraine Bujanda waived her right to a jury trial and entered an open plea of guilty to the misdemeanor offense of driving while intoxicated. The trial court assessed punishment at 180 days' confinement in the El Paso County Jail, probated for one year. The judgment includes an order requiring Appellant to pay restitution in an amount of $3,500 to Jorge Daniel Varela, the victim of a traffic accident involving Appellant. We affirm.

### **RESTITUTION TO VICTIM OF DWI**

In her sole issue, Appellant challenges the sufficiency of the evidence supporting the restitution order. Appellant does not dispute the amount of the restitution ordered by the trial court. Citing *Hanna v. State*, 426 S.W.3d 87 (Tex.Crim.App. 2014), she argues that the evidence is insufficient because the State failed to offer any proof that she was intoxicated at the time of the accident with Mr. Varela, that she was the driver of the car that hit Mr. Varela, or that her

intoxication caused the accident. The State responds that Mr. Varela's testimony is sufficient, standing alone, to support the restitution order. The State also directs our attention the complaint affidavit filed in support of the information as additional evidence which supports the restitution order.

A crime victim has a statutory right to restitution. *See* TEX.CODE CRIM.PROC.ANN. art. 42.037 (West 2018); *Hanna*, 426 S.W.3d at 91. Due process places three limitations on the restitution that a trial court may order: (1) the restitution ordered must be only for the offense for which the defendant is criminally responsible; (2) the restitution must be only for the victim or victims of the offense for which the defendant is charged; and (3) the amount must be just and supported by a factual basis in the record. *Burt v. State*, 445 S.W.3d 752, 758 (Tex.Crim.App. 2014). In *Hanna*, the Court of Criminal Appeals expressly held that any person who suffers property damage or personal injuries as the direct result of a defendant's DWI crime may be entitled to restitution even though that victim is not named in the DWI charging instrument. *Hanna*, 426 S.W.3d at 97.

Article 42.037 authorizes the court that sentences a defendant convicted of an offense to order the defendant to make restitution to a victim of the offense. TEX.CODE CRIM.PROC.ANN. art. 42.037(a). The trial court must resolve any disputes relating to the proper amount or type of restitution. TEX.CODE CRIM.PROC.ANN. art. 42.037(k). The standard of proof is preponderance of the evidence and the State has the burden to demonstrate the amount of the loss sustained by a victim as a result of the offense. TEX.CODE CRIM.PROC.ANN. art. 42.037(k). Subsection (k)'s phrase "as a result of the offense" includes the notion of both actual and proximate causation, and the damage must be a direct result of the defendant's criminal offense. *Hanna*, 426 S.W.3d at 95. The State must prove, by a preponderance of the evidence, that the loss was a "but for" result of

2

the criminal offense and resulted "proximately," or foreseeably, from the criminal offense. *Id.* For purposes of the restitution statute, a "victim" is any person who suffered loss as a direct result of the criminal offense. *Hanna*, 426 S.W.3d at 96.

Restitution orders are reviewed for an abuse of discretion. *See Campbell v. State*, 5 S.W.3d 693, 696 (Tex.Crim.App. 1999); *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App. 1980). Under this standard, we must review the record in the light most favorable to the trial court's determination, and we will reverse the ruling only if the record shows it is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *See State v. Story*, 445 S.W.3d 729, 732 (Tex.Crim.App. 2014). A trial court abuses its discretion if the restitution is (1) not supported by the record, (2) ordered for an offense for which the defendant is not criminally responsible, or (3) not for victims of the offense for which the defendant is charged. *See Lopez v. State*, No. 05-16-00041-CR, 2016 WL 5851924, at \*2 (Tex.App.--Dallas Oct. 6, 2016, no pet.)(mem. op., not designation for publication); *Agbeze v. State*, No. 01-13-00140-CR, 2014 WL 3738048, at \*8 (Tex. App.--Houston [1st Dist.] July 25, 2014, pet. ref'd) (mem. op., not designated for publication). When a defendant challenges the factual basis of a restitution order, the appellate court reviews the record to determine if there is sufficient factual evidence of a restitution amount which the trial court could find "just". *Cartwright*, 605 S.W.2d at 289. Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the challenged order. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex.Crim.App. 2010) (stating standard utilized when reviewing claim that evidence of defendant's financial resources and ability to pay was insufficient to support order that he repay appointed attorney fees to county). Under this standard, all reasonable inferences from the evidence must be resolved in favor of the trial court's determination. *See Tate v. State*, 500 S.W.3d 410, 417 (Tex.Crim.App. 2016).

In *Hanna v. State*, the defendant entered a plea of guilty to driving while intoxicated, and the trial court ordered him to pay restitution to a utility company for repairs to a utility pole that Appellant struck with his vehicle. *Hanna*, 426 S.W.3d at 89. The State introduced a copy of a "damage repair invoice" that gave the total cost of repairing the utility's pole. *Id.* at 90. The State did not introduce any other evidence and the defendant argued during closing arguments that the State had failed to prove causation. *Id.* At the State's request, the trial court continued the case and allowed the State to introduce additional evidence related to restitution at a later date. *Id.* The State presented the testimony of a police officer who was dispatched to the scene of the accident. *Id.* Officer Joshua Franco testified that he observed that a vehicle had crashed into a broken telephone pole and power lines were down all over the road. *Id.* The driver told him that the accident occurred when he hit a water puddle and lost control of his vehicle. *Id.* When asked what caused the accident, the officer stated, "[Appellant] driving that vehicle." *Id.* The trial court ordered the defendant to pay restitution to the utility company. *Id.* Finding that the utility company was not named in the charging instrument as a victim, the court of appeals held that the restitution order was improper. *Id.* at 90-91. The Court of Criminal Appeals disagreed and held that there is no requirement that the restitution victim be named in the charging instrument. *Id.* at 96. Further, it expressly held that restitution may be ordered in a DWI case for a person who suffers property damage or personal injuries as the direct result of a defendant's DWI crime. *Id.* at 97. The Court made clear, however, that to obtain restitution, the State must prove that the defendant's intoxicated driving was the "but for" and proximate cause of the damage. *Id.* Noting that the State had not offered any evidence at the hearing regarding Appellant's driving, the accident, or his intoxication, the Court concluded that the State had failed to prove that it was the defendant's intoxicated driving that caused the accident. *Id.* at 99. As will be shown in the discussion of the

4

evidence below, the instant case is distinguishable from *Hanna* because the State offered evidence regarding Appellant's erratic driving, her intoxication, and the accident.

Immediately after Appellant entered her guilty plea to the DWI offense, the trial court began the punishment hearing and the State called Mr. Varela as a punishment witness. Mr. Varela testified that he was from Odessa, Texas, and he had traveled to El Paso twice before in relation to the criminal case against Appellant. The prosecutor asked Mr. Varela to explain how he encountered "the offender in this case" on Friday, May 2, 2014, at around 9:00 in the evening. Mr. Varela saw Appellant's vehicle heading directly toward him and he got as far to the right as he could, and even drove up onto the curb to avoid the accident, but Appellant still struck his vehicle on the driver's side. Appellant did not remain at the scene of the accident. After determining that his family was unharmed, Mr. Varela turned his car around and followed Appellant until he was able to get her to stop. Appellant threatened Mr. Varela when he tried to speak with her, and the police dispatcher who was speaking with Mr. Varela's wife told them to go to a safe place and wait for a police officer to arrive. Mr. Varela pulled his vehicle into a nearby parking lot and waited for the police. Appellant left the scene and nearly hit two other vehicles as she did so. According to the complaint affidavit, Mr. Varela provided the police with a description of the vehicle and the license plate number. A short time later, a police officer went to the address corresponding with the vehicle registration and found the vehicle stopped in the roadway. Appellant was the sole occupant of the vehicle and was sitting in the driver's seat with the engine running.

Appellant argues that the evidence is insufficient because the State failed to offer any proof that she was the driver of the car that hit Mr. Varela, that she was intoxicated at the time of the accident with Mr. Varela, or that her intoxication caused the accident. By pleading guilty,

5

Appellant judicially admitted that she drove while intoxicated, and had a blood alcohol concentration of more than .15, on May 2, 2014 in El Paso County, Texas. Mr. Varela testified that he came into contact with Appellant on May 2, 2014 at the time of the accident. During the punishment hearing, Appellant did not contest her identity as the driver of the vehicle involved in the accident with Mr. Varela. Defense counsel asked Mr. Varela during cross-examination, "You said that you came in contact with Ms. Bujanda that afternoon, correct?" Mr. Varela replied, "At the time of the accident, yes." Thus, Appellant elicited testimony from Mr. Varela clarifying that his testimony about the accident necessarily referred to Appellant. When Mr. Varela's testimony is considered in the light most favorable to the restitution order, it is sufficient to prove by a preponderance of the evidence that Appellant was the driver of the vehicle that struck Mr. Varela.

In reviewing whether the evidence is sufficient to prove by a preponderance of the evidence that Appellant was intoxicated at the time of the accident, we have considered Mr. Varela's description of Appellant's erratic driving and her conduct after the accident, including her threats against Mr. Varela and flight from the scene. Appellant caused the accident by crossing the center line and driving into Mr. Varela vehicle despite his efforts to avoid the accident. She nearly struck two other vehicles when leaving the scene the second time. Erratic driving is a well-known indicator of intoxication. *See Kirsch v. State*, 306 S.W.3d 738, 745 (Tex.Crim.App. 2010). Flight is evidence of a consciousness of guilt and can be considered by the trier of fact. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex.Crim.App. 2007)(stating that a "factfinder may draw an inference of guilt from the circumstance of flight"). Similarly, Appellant's behavior in threatening Mr. Varela is evidence of her consciousness of guilt. *See Wilson v. State*, 7 S.W.3d 136, 141 (Tex.Crim.App. 1999). Belligerent behavior is also indicative of intoxication. *See Bean v. State*, No. 02-17-00144-CR, 2018 WL 1956295, at *4 (Tex.App.--Fort Worth Apr. 26, 2018, pet. ref'd).

6

Having viewed the evidence in the light most favorable to the restitution order, we conclude it is sufficient to show by a preponderance of the evidence that Appellant was intoxicated at the time of the accident and her intoxication caused the accident. *See Sanders v. State*, No. 05-12-01186-CR, 2014 WL 1627320, at *7 (Tex.App.--Dallas Apr. 23, 2014, pet. ref'd)(not designated for publication). Because Mr. Varela's testimony provided a factual basis for the restitution order, the trial court did not abuse its discretion in ordering Appellant to pay $3,500 in restitution to Mr. Varela.[1] *See Campbell*, 5 S.W.3d at 696. We overrule Issue One and affirm the judgment of the trial court.

August 31, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Palafox, J., and Chew, C.J. (Senior Judge)
Chew, C.J. (Senior Judge), sitting by assignment
Chew, C.J. (Senior Judge), concurring

(Do Not Publish)

---

[1] Because Mr. Varela's testimony is sufficient to support the restitution order, we did not consider the complaint affidavit.