**Opinion filed December 9, 2021**



### In The

# Eleventh Court of Appeals

_____

## No. 11-21-00109-CR

_____

## WENDY RENEE GOODMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10797**

### M E M O R A N D U M   O P I N I O N

Appellant, Wendy Renee Goodman, pleaded guilty to the third-degree felony offense of unlawful possession of a firearm by a felon. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for five years, and ordered Appellant to pay a fine, court costs, and fees. Less than eight months later, the State filed a motion to adjudicate Appellant's guilt. The trial court held a hearing on the State's motion, found the allegations in the State's motion to be true, adjudicated Appellant's guilt, assessed

her punishment at imprisonment for five years, and ordered her to pay certain fees and restitution. We modify the trial court's judgment to delete the restitution, and we affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a form motion for Appellant to file in this court to obtain access to the appellate record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App.

1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgment contains a nonreversible error. In open court at the adjudication hearing, the trial court ordered Appellant to pay "unpaid community supervision and corrections fees . . . in the sum of $2,875.00." The written judgment includes "Restitution" in the amount of $2,875 payable to the Scurry County Community Supervision and Corrections Department.

We first point out that community supervision fees are not properly subject to a restitution order. *See Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (recognizing that restitution "may be ordered only to a victim of an offense for which the defendant is charged"); *Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication). A trial court is authorized to order a defendant convicted of an offense to pay restitution to a victim of the offense or to a crime victim's assistance fund, not to an agency of the State of Texas such as a community supervision department. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a), (i) (West Supp. 2021); *Hanna*, 426 S.W.3d at 91, 94; *Sexton*, 2019 WL 4316791, at *1; *see also* CRIM. PROC. art. 42A.652(a) (authorizing monthly community supervision "reimbursement fee" to be paid to the court "each month during the period of community supervision"). Because the trial court had no authority to require Appellant to pay restitution to the community supervision department, the trial court erred when it did so.

Furthermore, although a trial court is authorized to impose monthly fees for community supervision to be paid during the period of community supervision,

---

[1] We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

CRIM. PROC. art. 42A.652, we can find no current statute that would authorize a trial court to order a defendant to pay such fees after his community supervision has been revoked. *Sheridan v. State*, No. 11-19-00303-CR, 2020 WL 1887710, at *2 (Tex. App.—Eastland Apr. 16, 2020, no pet.) (mem. op., not designated for publication). As we explained in *Sheridan*, "the current provisions of the Code do not authorize a trial court, when revoking a defendant's community supervision, to impose reparations to be paid to a community supervision department for delinquent fees." *Id.* at *3. Because the imposition of the $2,875 payable to the community supervision department was not authorized by statute, either as restitution or reparations, upon the revocation of Appellant's community supervision and the adjudication of her guilt, the trial court erred.

Moreover, the amount of restitution ordered by the trial court was not supported by the record. The record shows that Appellant failed to pay her monthly $60 community supervision fee only during the months of September, October, November, and December of 2020 and January and February of 2021—six months' total at $60 per month. Thus, even if it had been proper for the trial court to order Appellant to pay the community supervision fees that she had failed to pay while she was on community supervision, the record does not support an amount anywhere near the amount ordered by the trial court. *See Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014) (the amount of restitution ordered must be just and must be supported by a factual basis within the record).

When a trial court lacks statutory authority to impose the specific restitution order, such as when restitution has been ordered to be paid to someone who was not a victim of the offense, we should delete the restitution order. *Id.* at 757–58; *Sexton*, 2019 WL 4316791, at *1. The same holds true for an unauthorized reparation. Therefore, we modify the trial court's judgment to delete the following: "$2,875.00"

shown as "Restitution" payable to the "Scurry County Community Supervision and Corrections Department."

We grant counsel's motion to withdraw; modify the judgment adjudicating guilt so as to delete the $2,875 in restitution; and, as modified, affirm the judgment of the trial court.

PER CURIAM

December 9, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.