Opinion filed December 9, 2021



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-21-00150-CR & 11-21-00151-CR

_____

## ERMANDO BARRERA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause Nos. 12148 & 12149**

## M E M O R A N D U M   O P I N I O N

Appellant, Ermando Barrera, Jr., pleaded guilty in each cause to the state jail felony offense of forgery of a financial instrument.  Pursuant to the terms of the plea agreement in each cause, the trial court deferred a finding of guilt, placed Appellant on community supervision for three years, and ordered Appellant to pay costs and fees.  In cause no. 12148, the trial court also ordered Appellant to pay restitution in the amount of $3,275 to First Financial Bank, Sweetwater, Texas.  The State

subsequently filed a motion to adjudicate Appellant's guilt in both causes. The trial court held a hearing on the State's motions, found the allegations in the State's motions to be true, adjudicated Appellant's guilt, and assessed his punishment in each cause at confinement for two years in a state jail facility. The written judgments reflect "Restitution" payable to "AGENT/AGENCY" (the "Office of Court Collections") in the amounts of $3,073 and $848, respectively. We modify the trial court's judgments to delete the restitution, and we affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw in each appeal. Both motions are supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the briefs, a copy of the motions to withdraw, an explanatory letter, and a copy of the reporter's record and the clerk's records. Counsel advised Appellant of his right to review the records and file a response to counsel's briefs. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in each cause, and we agree that the appeals are without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an

original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that both judgments contain a nonreversible error: a variation between the oral pronouncement of sentence and the written judgment adjudicating guilt. The written judgment in cause no. 12148 includes restitution of $3,073. The written judgment in cause no. 12149 includes restitution of $848. When the trial court assessed Appellant's punishment and orally pronounced the sentences in open court, the trial court did not mention any restitution. The trial court was required to pronounce the sentences in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03(a) (West Supp. 2021); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred).

Furthermore, we note that court costs and fees are not properly subject to a restitution order. *See Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (recognizing that restitution "may be ordered only to a victim of an offense for which

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

the defendant is charged"); *Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication). A trial court is authorized to order a defendant convicted of an offense to pay restitution to a victim of the offense or to a crime victim's assistance fund, not to an agency of the State of Texas. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a), (i) (West Supp. 2021); *Hanna*, 426 S.W.3d at 91, 94; *Sexton*, 2019 WL 4316791, at *1. Thus, it was not proper for the trial court, in its written judgments, to order restitution payable to "AGENT/AGENCY"—specifically described as the "Office of Court Collections" in Sweetwater.

Because the trial court did not mention any restitution when it orally pronounced Appellant's sentences, because the judgments show that restitution was ordered to be paid to a state agency, and because we have the necessary information for reformation, we modify the trial court's judgments adjudicating guilt to delete the restitution. *See Cerna v. State*, No. 11-14-00363-CR, 2015 WL 3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (per curiam) (mem. op., not designated for publication); *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (holding that, because the requirement that Alexander pay $10,311.25 in restitution is punishment and part of his sentence in the judgment adjudicating his guilt, it must have been included in the trial court's oral pronouncement of sentence to be properly included in the written judgment adjudicating guilt—despite the fact that it was previously included in the order deferring the adjudication of Alexander's guilt); *see also Taylor*, 131 S.W.3d at 502.

We grant counsel's motion to withdraw in each cause; modify the judgment adjudicating guilt in trial court cause no. 12148 to delete the "Restitution" of "$3,073.00"; modify the judgment adjudicating guilt in trial court cause no. 12149

to delete the "Restitution" of "848.00"; and, as modified, affirm the judgments of the trial court.

PER CURIAM

December 9, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.