**Opinion filed May 12, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00228-CR
_____

## KIMBERLY ANN CLARK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 7648**

## M E M O R A N D U M   O P I N I O N

Kimberly Ann Clark, Appellant, originally pled guilty to the first-degree felony offense of possession with intent to deliver more than four but less than two hundred grams of a controlled substance, namely hydrocodone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2017). Pursuant to the terms of the plea agreement between Appellant and the State, the trial court deferred a finding of guilt and placed Appellant on community supervision for ten years. The State later filed a motion to adjudicate Appellant's guilt. As a result, the trial court modified the

conditions of Appellant's community supervision. The State subsequently filed a second motion to adjudicate Appellant's guilt. At the hearing on the State's second motion to adjudicate, Appellant pled true to the allegations in the motion. The trial court accepted Appellant's plea and ordered a presentence investigation report. The trial court later conducted a punishment hearing, at which it found the State's allegations to be true, adjudicated Appellant guilty of the charged offense, assessed her punishment at confinement for fourteen years and a fine of $500, and ordered her to reimburse the county for her attorney's fees. We modify and affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's

decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgment, via its incorporation of the trial court's "Restitution Order" and the clerk's "Bill of Costs," contains nonreversible errors because of the variances between the oral pronouncement of sentence and the written judgment adjudicating guilt. In open court, the trial court pronounced Appellant's sentence as being confinement for fourteen years and "a fine of $500 with court costs and attorney's fees to be reimbursed to Mitchell County."

The first noted variance is that the written judgment, via the incorporated documents, contains a fine of $2,500. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03(a) (West Supp. 2021); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

the imposition of sentence are deferred).  Pursuant to *Taylor*, the original fine of $2,500 that was imposed at the time that Appellant was placed on deferred adjudication does not survive the adjudication of guilt.  131 S.W.3d at 500–02.  Because the trial court actually assessed a $500 fine, rather than a $2,500 fine, when it orally pronounced Appellant's sentence upon adjudication of her guilt and because we have the necessary information for reformation, we modify the trial court's judgment adjudicating guilt, and hence the bill of costs, to show a fine of $500.  *See Taylor*, 131 S.W.3d at 502; *Cerna v. State*, No. 11-14-00363-CR, 2015 WL 3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (per curiam) (mem. op., not designated for publication).

The second noted variance involves the matter of restitution.  When the trial court assessed Appellant's punishment and orally pronounced the sentence in open court, the trial court did not mention any restitution.  The trial court was required to pronounce the sentence, including restitution, in Appellant's presence.  *See* CRIM. PROC. art. 42.03(a); *Taylor*, 131 S.W.3d at 500.  Furthermore, we note that court costs and fees are not properly subject to a restitution order.  *See Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (recognizing that restitution "may be ordered only to a victim of an offense for which the defendant is charged"); *Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication).  A trial court is authorized to order a defendant convicted of an offense to pay restitution to a victim of the offense or to a crime victim's assistance fund, not to an agency of the State of Texas.  *See* CRIM. PROC. art. 42.037(a), (i); *Hanna*, 426 S.W.3d at 91, 94; *Sexton*, 2019 WL 4316791, at *1.  Thus, it was not proper for the trial court, in its written judgment, to order restitution payable to "AGENT/AGENCY"—specifically described in the incorporated restitution order as (1) the "Office of Court

Collections" and (2) the "Community Supervision Corrections Department" in Colorado City.

Because the trial court did not mention any restitution when it orally pronounced Appellant's sentence, because the judgment shows that restitution was ordered to be paid to a state agency, and because we have the necessary information for reformation, we modify the trial court's judgment adjudicating guilt to delete the restitution. *See Cerna v. State*, No. 11-14-00363-CR, 2015 WL 3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (per curiam) (mem. op., not designated for publication); *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.) (holding that, because the requirement that Alexander pay $10,311.25 in restitution is punishment and part of his sentence in the judgment adjudicating his guilt, it must have been included in the trial court's oral pronouncement of sentence to be properly included in the written judgment adjudicating guilt—despite the fact that it was previously included in the order deferring the adjudication of Alexander's guilt); *see also Taylor*, 131 S.W.3d at 502.

Third, included in the bill of costs are two charges for time payment fees—$12.50 each. In light of the opinion of the Court of Criminal Appeals in *Dulin*, we conclude that the time payment fees must be struck in their entirety as prematurely assessed. *See Dulin v. State*, 620 S.W.3d 129, 133 & n.29 (Tex. Crim. App. 2021). When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Accordingly, we modify the trial court's judgment to delete both of the $12.50 charges for time payment fees, without prejudice to a time payment fee being assessed later "if, more than 30 days after the issuance of the appellate mandate, [Appellant] has failed to completely pay any fine, court costs, or restitution that he owes." *See Dulin*, 620 S.W.3d at 133.

We grant counsel's motion to withdraw. With respect to the judgment adjudicating guilt, and hence the incorporated restitution order and bill of costs, we modify the judgment to reflect a fine of $500 rather than $2,500, to delete all restitution, and to delete the time payment fees. As modified, we affirm the judgment of the trial court.

PER CURIAM

May 12, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.