**Opinion filed August 17, 2023**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-22-00351-CR & 11-22-00352-CR

_____

## MICKY DON VALVERDE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Borden County, Texas**
**Trial Court Cause Nos. 243 & 248**

## M E M O R A N D U M   O P I N I O N

Appellant, Micky Don Valverde, pleaded guilty to the state jail felony offense of burglary of a building (trial court cause no. 243) and the third-degree felony offense of bail jumping and failure to appear (trial court cause no. 248). *See* TEX. PENAL CODE ANN. § 30.02(c)(1) (West 2019), § 38.10(a), (f) (West 2016). Pursuant to negotiated plea bargain agreements, the trial court accepted Appellant's pleas of guilty, found Appellant guilty of both offenses, and assessed Appellant's punishment

for each offense at ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice (TDCJ).[1]  However, the trial court suspended the imposition of Appellant's sentences and, for each offense, placed Appellant on community supervision for a period of ten years.

The State filed a motion to revoke Appellant's community supervision, and subsequently filed an amended motion, in each cause.  The parties proceeded to a hearing on the motions before the trial court.  Upon the conclusion of the hearing, in each cause the trial court (1) found all allegations in the State's amended motions to be "true," (2) revoked Appellant's community supervision, and (3) sentenced Appellant to ten years' imprisonment in the Institutional Division of TDCJ.  In addition to the sentences it imposed, the trial court also ordered Appellant to pay the attorney's fees awarded to his court-appointed attorney for legal representation associated with the revocation proceedings and restitution to the Borden County Community Supervision and Corrections Department in the following amounts: (1) $600 and $3,185, respectively, in trial court cause number 243; and (2) $600 and $950, respectively, in trial court cause number 248.

Appellant presents two issues on appeal.  In his first issue, Appellant asserts that the trial court abused its discretion when it ordered Appellant to pay restitution to the Borden County Community Supervision and Corrections Department in each cause.  In his second issue, Appellant asserts that the trial court erred when it assessed and required him to pay the attorney's fees awarded to his court-appointed attorney.  The State has filed a brief in each cause in which it concedes that Appellant is correct on both contentions.  We modify and affirm.

---

[1]We note that Appellant's sentence for the burglary-of-a-building offense was enhanced to a third-degree punishment range because of two prior state jail felony convictions for which Appellant pleaded "true" to each enhancement allegation.  *See* PENAL § 12.425(a).

I. *Analysis*

A. *Restitution*

Appellant asserts in his first issue that the trial court abused its discretion when it ordered Appellant to pay the restitution amounts referenced above because the Borden County Community Supervision and Corrections Department is not a "victim" of either offense for which Appellant was convicted, and the assessed amounts were not a direct result of either offense.

We review a challenge to a restitution order for an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980). Due process considerations are implicated if the trial court improperly orders restitution. *Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014).

We first note that community supervision fees are not subject to a restitution order. *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). "[Restitution] may be ordered *only* to a victim of an offense for which the defendant is charged." *Id.* (emphasis added); *Goodman v. State*, No. 11-21-00109-CR, 2021 WL 5830719, at *2 (Tex. App.—Eastland Dec. 9, 2021, no pet.) (per curiam) (mem. op., not designated for publication); *Sheridan v. State*, No. 11-19-00303-CR, 2020 WL 1887710, at *2 (Tex. App.—Eastland Apr. 16, 2020, no pet.) (per curiam) (mem. op., not designated for publication); *Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication). Therefore, only a recognized "victim" may receive restitution from a convicted defendant. In that regard, a trial court may order a defendant who is convicted of an offense to pay restitution to either a victim of that offense or to a crime victim's assistance fund; however, a defendant may not be ordered to pay restitution *to an agency of the State of Texas such as a community supervision department. Goodman*, 2021 WL 5830719, at *2; *see* TEX. CODE CRIM.

PROC. ANN. art. 42.037(a), (i) (West Supp. 2022); *Hanna*, 426 S.W.3d at 91, 94; *Sexton*, 2019 WL 4316791, at *1.

Moreover, although a trial court may impose monthly community supervision reimbursement fees against a defendant during the defendant's period of community supervision pursuant to Article 42A.652 of the Texas Code of Criminal Procedure, a trial court may not order a defendant to pay delinquent community supervision fees to a community supervision department after the defendant's community supervision has been revoked. *Goodman*, 2021 WL 5830719, at *2; *Sheridan*, 2020 WL 1887710, at *2.

Here, the "restitution" ordered by the trial court and assessed against Appellant in each cause consisted of Appellant's delinquent (1) community supervision fees, (2) fine, (3) court costs, and (4) reimbursement fees. Because the trial court, after it revoked Appellant's community supervision, had no authority to order Appellant to pay restitution for delinquent community supervision fees to the Borden County Community Supervision Department in either cause, it abused its discretion when it did so. *See Goodman*, 2021 WL 5830719, at *2; *Sheridan*, 2020 WL 1887710, at *2–3; *Sexton*, 2019 WL 4316791, at *1–2. Therefore, we must modify the trial court's judgments to delete the improper restitution assessments.[2] *Burt*, 445 S.W.3d at 757–58. Accordingly, we sustain Appellant's first issue in part.

B. *Court-Appointed Attorney's Fees*

Appellant asserts in his second issue that the trial court erred when it ordered Appellant to pay the attorney's fees awarded to his court-appointed attorney for legal representation associated with the revocation proceedings in the amount of $600 in

---

[2]We note that the remaining "restitution" amounts described above—the fine, court costs, and reimbursement fees—were assessed against Appellant when the trial court originally accepted Appellant's pleas of guilty and sentenced him in both causes, which Appellant did not appeal. As a result, Appellant has waived any complaint concerning the assessment of these other costs that the trial court characterized as "restitution" in its revocation judgments. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015); *Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013).

each cause. Appellant contends that it was error for the trial court to order and assess these court-appointed attorney's fees against him because he was found to be indigent at the outset and the record contains no evidence of any material change in Appellant's financial circumstances. Thus, it is presumed that Appellant remained indigent until the trial court determined otherwise. We agree.

An indigent defendant cannot be taxed the cost of services rendered by his court-appointed attorney unless the trial court finds that the defendant has the financial resources to repay those costs in whole or in part. *Smith v. State*, 631 S.W.3d 484, 501 (Tex. App.—Eastland 2021, no pet.) (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)); *see* CRIM. PROC. art. 26.05(g); *see also* CRIM. PROC. art. 42A.301(b)(10) (repayment of attorney's fees as a condition of community supervision). The Court of Criminal Appeals has held that the trial court must find that the defendant had the ability to repay court-appointed attorney's fees prior to assessing such fees against an indigent defendant. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *see also Mayer*, 309 S.W.3d at 556 ("[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."). Further, a "defendant who is determined by the [trial] court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Cates*, 402 S.W.3d at 251 (quoting CRIM. PROC. art. 26.04(p)).

On May 5, 2022, Appellant signed a sworn Affidavit of Indigence and Request for Appointment of Attorney in both causes certifying that he did not have the necessary funds to hire an attorney to defend against the allegations in the State's motions to revoke. The trial court determined that Appellant was indigent and appointed trial counsel to represent Appellant's interests in the revocation

proceedings. Subsequent to this appointment, the trial court did not receive evidence, nor did it issue a finding, that Appellant had the ability to pay any portion of the attorney's fees that were awarded to his court-appointed attorney. Moreover, nothing in the record indicates that (1) Appellant is no longer indigent or (2) the trial court made a subsequent determination that Appellant's financial circumstances had materially changed or that he had the financial resources or ability to pay the court-appointed attorney's fees of $1,200 that were assessed against him for the revocation proceedings. Because the trial court improperly assessed and ordered that Appellant is financially responsible for the payment of the attorney's fees awarded to his court-appointed attorney for legal representation associated with the revocation proceedings, we must modify the trial court's judgments and the district clerk's bills of costs in both causes to remove the improperly assessed fees. *See Cates*, 402 S.W.3d at 252; *Smith*, 631 S.W.3d at 501. Accordingly, we sustain Appellant's second issue.

C. *Errors in the Judgments*

Although not expressly raised, Appellant alludes, and we note, that the trial court's judgments contain nonreversible errors. We have the authority to modify and reform the trial court's judgments to make the judgments speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

In both judgments, the first allegation raised by the State in its amended motions to revoke, to which the trial court found to be "true," is omitted. The judgment in trial court cause number 243 incorrectly recites the monthly installment amount that Appellant was ordered to pay to the Borden County Community Supervision and Corrections Department during his period of community supervision. Further, the judgments in both causes recite the incorrect date that

6

Appellant committed the violation that is referred to in the seventh allegation of the State's amended motion to revoke in trial court cause number 243 and the sixth allegation of the State's amended motion to revoke in trial court cause number 248. Therefore, we must modify the trial court's judgments to correct these errors.

## II. *This Court's Ruling*

We modify the trial court's judgment and the district clerk's bill of costs in trial court cause number 243 to delete (1) the restitution of $720 for reimbursement of community supervision service fees that were ordered payable to the Borden County Community Supervision and Corrections Department and (2) the court-appointed attorney's fees of $600 that were ordered and assessed against Appellant for legal representation associated with the revocation proceeding in that cause. We further modify the judgment and bill of costs to properly characterize the remaining "restitution" designated by the trial court in its revocation judgment as the outstanding $1,500 fine, $675 in reimbursement fees, and $290 in court costs that the trial court assessed against Appellant during Appellant's original guilty plea proceeding.

We modify the trial court's judgment and the district clerk's bill of costs in trial court cause number 248 to delete (1) the assertion that restitution is payable to the Borden County Community Supervision and Corrections Department and (2) the court-appointed attorney's fees of $600 that were ordered and assessed against Appellant for legal representation associated with the revocation proceeding in that cause. We further modify the judgment and bill of costs to properly characterize the remaining "restitution" designated by the trial court in its revocation judgment as the outstanding $660 in reimbursement fees and $290 in court costs that the trial court assessed against Appellant during Appellant's original guilty plea proceeding.

We modify the trial court's judgments in both causes (1) to include the first allegation raised in the State's amended motions to revoke which states that "on or

about January 9, 2022, in Callahan County, Texas, [Micky Don Valverde] did then and there intentionally or knowingly possess a controlled substance, namely, methamphetamine, in the amount of one gram or more but less than four grams" and (2) to recite the correct date—February 17, 2022—that Appellant committed the violation that is referred to in the seventh allegation of the State's amended motion to revoke in trial court cause number 243 and the sixth allegation of the State's amended motion to revoke in trial court cause number 248.

Finally, we modify the trial court's judgment in trial court cause number 243 to recite the correct monthly installment amount—$40 per month—that Appellant was ordered to pay to the Borden County Community Supervision and Corrections Department during his period of community supervision.

As modified, we affirm the judgments of the trial court. *See* TEX. R. APP. P. 43.2(b).

W. STACY TROTTER
JUSTICE

August 17, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.