**Opinion filed May 22, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00057-CR

_____

## MARIO AVILA NEGRETE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 11019**

## M E M O R A N D U M   O P I N I O N

Appellant, Mario Avila Negrete, pled guilty to the third-degree felony offense of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(a), (e) (West Supp. 2024). Pursuant to the parties' negotiated plea bargain agreement, the trial court accepted Appellant's plea of guilty, found Appellant guilty of the charged offense, and assessed Appellant's punishment at ten years' imprisonment in the Institutional Division of the Texas Department of Criminal

Justice (TDCJ). However, the trial court suspended the imposition of Appellant's sentence and placed him on community supervision for ten years.

The State subsequently filed a motion to revoke Appellant's community supervision, and the parties proceeded to a hearing on the motion before the trial court. Upon the conclusion of the hearing, and pursuant to Appellant's pleas of "true" to the violations alleged in the State's motion, the trial court (1) found all allegations in the State's motion to be "true," (2) revoked Appellant's community supervision, and (3) sentenced Appellant to ten years' imprisonment in the Institutional Division of TDCJ. In addition to the sentence it imposed, the trial court ordered Appellant to pay the attorney's fees awarded to his court-appointed attorney for legal representation associated with the revocation proceeding and restitution and reimbursement fees to the Scurry County Community Supervision and Corrections Department (CSCD) in the following amounts: $660 and $3,765, respectively. The trial court later signed a nunc pro tunc revocation judgment that clarified the amount of restitution that Appellant was ordered to pay to the Scurry County CSCD, $2,565, and the amount of reimbursement fees due, $60.

In a single issue, Appellant asserts that the trial court abused its discretion when it ordered Appellant to pay $2,565 in restitution to the Scurry County CSCD. The State has filed a brief in which it concedes that Appellant is correct in his assertion. We modify and affirm.

## I. *Analysis*

Appellant asserts that the trial court abused its discretion when it ordered Appellant to pay the clarified restitution amount referenced above ($2,565) to the Scurry County CSCD because that agency is not a "victim" of the offense for which Appellant was convicted, and the assessed amount was not a direct result of this offense.

2

We review a challenge to a trial court's restitution order for an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980). Due process considerations are implicated if the trial court improperly orders restitution. *Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014).

We first note that community supervision reimbursement fees are not subject to a restitution order. *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). "[Restitution] may be ordered [payable] *only* to a victim of an offense for which the defendant is charged." *Id.* (emphasis added); *Valverde v. State*, No. 11-22-00351-CR, 2023 WL 5280772, at *2 (Tex. App.—Eastland Aug. 17, 2023, no pet.) (mem. op., not designated for publication); *Goodman v. State*, No. 11-21-00109-CR, 2021 WL 5830719, at *2 (Tex. App.—Eastland Dec. 9, 2021, no pet.) (per curiam) (mem. op., not designated for publication); *Sheridan v. State*, No. 11-19-00303-CR, 2020 WL 1887710, at *2 (Tex. App.—Eastland Apr. 16, 2020, no pet.) (per curiam) (mem. op., not designated for publication); *Sexton v. State*, No. 11-18-00278-CR, 2019 WL 4316791, at *1 (Tex. App.—Eastland Sept. 12, 2019, pet. ref'd) (per curiam) (mem. op., not designated for publication). As such, only a recognized "victim" may receive restitution from a convicted defendant. In this regard, a trial court may order a defendant to pay restitution to either a victim of the offense for which the defendant was convicted or to a crime victim's assistance fund; however, a defendant may not be ordered to pay restitution *to an agency of the State of Texas such as a community supervision department*. *Valverde*, 2023 WL 5280772, at *2; *Goodman*, 2021 WL 5830719, at *2; *see* TEX. CODE CRIM. PROC. ANN. art. 42.037(a), (i) (West Supp. 2024); *Hanna*, 426 S.W.3d at 91, 94; *Sexton*, 2019 WL 4316791, at *1.

Further, although a trial court may impose monthly community supervision reimbursement fees against a defendant during the defendant's term of community supervision pursuant to Article 42A.652 of the Code of Criminal Procedure, it may

3

not order a defendant to pay delinquent community supervision fees to a community supervision department after the defendant's community supervision has been revoked. *Valverde*, 2023 WL 5280772, at \*2; *Goodman*, 2021 WL 5830719, at \*2; *Sheridan*, 2020 WL 1887710, at \*2.

Here, the amount of "restitution" ordered by the trial court in its nunc pro tunc revocation judgment, and assessed against Appellant, is $2,565. The same "restitution" amount is listed and categorized in the district clerk's bill of costs; it consists of amounts that were originally imposed by the trial court, and assessed against Appellant, during his guilty plea proceeding: (1) court costs of $290, (2) reimbursement fees of $775, and (3) a fine of $1,500. Because the trial court, after it revoked Appellant's community supervision, had no authority to order Appellant to pay any form of *restitution* to the Scurry County CSCD, it abused its discretion when it did so. *See Valverde*, 2023 WL 5280772, at \*2; *Goodman*, 2021 WL 5830719, at \*2; *Sheridan*, 2020 WL 1887710, at \*2–3; *Sexton*, 2019 WL 4316791, at \*1–2. Therefore, we must modify the trial court's nunc pro tunc revocation judgment to delete the improper restitution assessment.[1] *Burt*, 445 S.W.3d at 757–58. Accordingly, we sustain Appellant's sole issue in part.

## II. *This Court's Ruling*

We modify the trial court's nunc pro tunc revocation judgment and the district clerk's bill of costs to delete the recitation that "restitution" is payable to the Scurry County CSCD. We further modify the judgment to properly characterize the "restitution" designated by the trial court in its nunc pro tunc revocation judgment as follows: the outstanding $1,500 fine, $775 in reimbursement fees, and $290 in

---

[1]Some of the "restitution" amounts described above—the fine, court costs, and reimbursement fees—were assessed against Appellant when the trial court originally accepted Appellant's plea of guilty and sentenced him; however, Appellant did not appeal and challenge these assessments. As a result, Appellant has waived any complaint concerning the assessment of these amounts that the trial court characterized as "restitution" in its nunc pro tunc revocation judgment. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015); *Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013).

court costs that the trial court originally assessed against Appellant during Appellant's guilty plea proceeding.

As modified, we affirm the trial court's nunc pro tunc revocation judgment. *See* TEX. R. APP. P. 43.2(b).

W. STACY TROTTER

JUSTICE

May 22, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

5